**GROUP ITALGLASS U.S.A., INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

Court No. 91–09–00677.
Slip Op. 93–208.

United States Court of International Trade.

Nov. 1, 1993.

Soller, Shayne & Horn, Paulsen K. Vandevert, William C. Shayne, and Margaret H. Sachter, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Mark S. Sochaczewsky, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Steven Berke, Atty., U.S. Customs Service, Washington, DC, for defendant.

### OPINION AND ORDER

NEWMAN, Senior Judge.

Plaintiff requests an order *in limine* limiting plaintiff's burden of proof on the issue of principal use. Further, in conformance with CIT Rule 26(c), plaintiff seeks a protective order to be relieved of answering defendant's Second Set of Interrogatories; and plaintiff again moves, in the alternative, for summary judgment pursuant to CIT Rule 56.

Plaintiff's request for an order *in limine* concerning plaintiff's burden of proof is granted. A tariff classification controlled by use is determined in accordance with the principal use of the class or kind of goods to which the imported goods belong. HTSUS Additional U.S. Rules of Interpretation 1.(a). Thus, notwithstanding any possible suggestion to the contrary in Slip Op. 93-46, 1993 WL 97624 (March 29, 1993), the court orders *in limine* that plaintiff has the burden of establishing that *the class or kind of glass containers to which the subject goods belong* were, at or immediately prior to the dates of importation (1990–91), principally used commercially for the conveyance or packing of goods. The court stresses that it is the principal use of the *class or kind of goods to which the imports belong and not the principal use of the specific imports* that is controlling under the Rules of Interpretation. Accordingly, plaintiff may, but is not required to, establish the actual [1] or principal use of the specific imports that were the subject of the entries in 1990–91. Notwithstanding any possible suggestion to the contrary in Slip Op. 93-46, 1993 WL 97624, *if* the various imports comprised several styles, as appears to be the case, plaintiff has the burden of establishing, for purposes of determining principal use, either that the several styles comprise only a single class or kind of glass container, or if each style constitutes a separate class or kind of container, establish principal use on a "style-by-style" basis.

Plaintiff's motion for a protective order to be relieved of answering defendant's Second Set of Interrogatories is denied. The issue of whether each individual style of glass container that was imported belongs to a

---

1. While heading 7010 is not an "actual use" provision, evidence of the actual use of the imported goods could, depending upon the quantum of proof, have some minimal relevant probative value on the issue of principal use. Similarly, evidence of the principal use of the specific imports is relevant to the principal use of the class or kind of goods to which the imported goods belong. Plainly, evidence of the actual or principal use of the specific imports standing alone could not, absent their constituting the entire class or kind of goods under consideration, make a prima facie case on the issue of principal use where the controlling issue is the principal use of the class or kind to which the merchandise belongs.

separate class or kind of goods for purposes of determining principal use, and if so, the principal use of each individual style, is clearly relevant to the subject matter involved in the pending action for purposes of both interrogatories and trial. Such issue is a mixed question of law and fact, and will be determined on the basis of the record after trial.[2] Slip Op. 93–46 makes no finding of whether there is a single class or kind of goods or multiple classes of kinds of containers in this case, nor whether a secure closure is the *sine qua non* of a class or kind of container.

■ Turning to plaintiff's alternative motion for summary judgment, the motion must be denied since there is a genuine issue of fact for trial as to whether glass containers of the class or kind to which the subject goods belong were, at or immediately prior to the dates of importation, principally used commercially for the conveyance or packing of goods, which is a prerequisite for classification under the provision in heading 7010, HTSUS. Plaintiff's renewed motion for summary judgment is also denied since there is an issue of fact as to whether, for purposes of determining principal use, the subject glass containers belonged to one class or kind of goods, as claimed by plaintiff, or several classes or kinds of goods, as maintained by defendant. Contrary to plaintiff's contention, USITC Report 2653, June 1993, pp. 5–6, does not establish that any of the containers before the court in these cases belong to any of the classes or kinds of containers represented by the 86% of U.S. production of glass containers shipped to manufacturers and packagers in 1991 referred to in the ITC Report.

Upon consideration of plaintiff's applications, defendant's opposition thereto, and upon all other papers and proceedings had herein, it is hereby

**ORDERED:**

1. Plaintiff's motion for an order *in limine* to determine plaintiff's burden of proof is granted, and plaintiff's burden of proof is as set forth above.

2. Plaintiff's motion for a protective order is denied and plaintiff shall respond to defendant's Second Set of Interrogatories within seven days of the service of this order.

3. Plaintiff's alternative motion for summary judgment is denied.

---

**2.** Defendant views the different styles as separate classes or kinds of goods. Indeed, defendant conceded that one of the styles, No. 016–4923, covered by Court No. 91–10–00745, is properly classifiable under heading 7010 and plaintiff has been granted summary judgment as to that style. *See* Slip Op. 93–46, at 3–4, 1993 WL 97624.