LENOX COLLECTIONS, A DIVISION OF LENOX, INCORPORATED, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–09–00651

(Dated March 9, 1995)

*Wasserman, Schneider & Babb (Louis Schneider, Patrick C. Reed, David M. Steiner);* Lenox, Incorporated *(Robert O. Cohen, Esq.),* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Susan Burnett Mansfield);* United States Customs Service *(Stephen Berke),* of counsel, for defendant.

### MEMORANDUM AND ORDER

GOLDBERG, *Judge:* This matter comes before the court on defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment. Defendant, the United States, seeks affirmation of the decision of the United States Customs Service ("Customs") to classify imports of the subject merchandise as kitchenware, under subheading 6911.10.50 or 6911.10.80 of the Harmonized Tariff Schedule of the United States ("HTSUS"),[1] with a duty rate of 26 percent *ad valorem.* Plaintiff, Lenox Collections ("Lenox"), a division of Lenox, Incorporated, challenges Customs' classification of the subject merchandise and claims that its imports are properly classified as ornamental ceramic articles of porcelain under subheading 6913.10.50, HTSUS, with a duty rate of 9 percent *ad valorem.* The court exercises its jurisdiction pursuant to 28 U.S.C. § 1581(a) (1988).

---

[1] The particular subheading under which the merchandise was classified depended upon the date on which the merchandise entered the United States. The provision under which the merchandise was classified was changed from subheading 6911.10.50, HTSUS, to subheading 6911.10.80, HTSUS, on or about June 1, 1990. The text of the provision was not altered in any way relevant to this case.

## BACKGROUND

The merchandise at issue consists of twenty-four miniature porcelain articles which comprise a set named the "Spice Village." *Plaintiff's Complaint* and *Defendant's Answer* ¶ 7. Each article is three inches high, two inches wide, and two inches long, and is in the shape of a miniature house. *Id.* In addition, each article has a removable roof and is labelled with the name of a particular herb or spice, e.g., cinnamon, saffron, ginger. *Id.* The merchandise is sold through the mail rather than in department stores or discount stores. *Id.* ¶ 27. The Spice Village set comes with a hardwood rack in which the articles may be displayed. *Id.* ¶ 28.

## DISCUSSION

On a motion for summary judgment, the court must determine whether a genuine dispute exists as to any material fact and whether the moving party is entitled to judgment as a matter of law. USCIT Rule 56(d). The court cannot resolve or try factual issues on a motion for summary judgment. *Jayre California, Inc. v. United States*, 14 CIT 29, 32 (1990). Summary judgment may be granted only if the court finds that no genuine issues of material fact exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1988).

The parties agree that the tariff provisions at issue are classifications controlled by use other than actual use.[2] With regard to classifications controlled by use other than actual use, HTSUS Additional U.S. Rule of Interpretation 1(a) provides that:

> [A] tariff classification controlled by use (other than actual use) is to be determined in accordance with the use in the United States at, or immediately prior to, the date of importation of goods of that class or kind to which the imported goods belong, and the controlling use is the principal use * * *.[3]

The Additional U.S. Rules of Interpretation are not part of the international text of the Harmonized System. However, they are part of the HTSUS enacted by Congress as the United States tariff statute[4] and are to be considered "statutory provisions of law for all purposes."[5]

Under Rule 1(a), the court must classify imports according to the principal use of the "class or kind of goods to which the imports belong and not the principal use of the specific imports." *Group Italglass U.S.A., Inc. v. United States,* 17 CIT 1177, 839 F. Supp. 866, 867 (1993) (emphasis omitted). Before classifying imports according to the principal use of their class or kind, however, the court must first decide the

---

[2] *See Defendant's Brief in Support of Its Motion For Summary Judgment ("Defendant's Brief")* at 16–17; *Plaintiff's Opposition to Defendant's Application For Summary Judgment and Plaintiff's Cross-Motion For Summary Judgment ("Plaintiff's Brief")* at 16–19.

[3] For purposes of Additional United States Rule of Interpretation 1(a), "principal use" means the use "which exceeds any other single use of the article." U.S. International Trade Commission, *Conversion of the Tariff Schedules of the United States Annotated Into the Nomenclature Structure of the Harmonized System: Submitting Report* at 34–35 (USITC Pub. No. 1400) (June 1983).

[4] *See* Omnibus Trade and Competitiveness Act of 1988, Pub. L. No. 100–418, § 1204(a)(1)(C), 102 Stat. 1107, 1148.

[5] *Id.* § 1204(c)(1), 102 Stat. at 1149.

class or kind to which the subject imports belong. This determination presents a genuine issue of material fact in this case.

Customs argues that the articles are of the class or kind of goods principally used as spice jars, and so, are properly classified as kitchenware under subheading 6911.10.50 or 6911.10.80, HTSUS. Lenox argues that its merchandise is of the class or kind of goods principally used for ornamentation or decoration, and are properly classified under subheading 6913.10.50, HTSUS, as ornamental ceramic articles. Hence, the court must decide whether the merchandise is of the class or kind of goods principally used as spice jars or of the class or kind of goods principally used for ornamentation.

The court must look to all "pertinent" factors to determine the class or kind of an article. *United States v. Carborundum Co.*, 63 CCPA 98, 102, 536 F.2d 373, 377, *cert. denied,* 429 U.S. 979 (1976). The United States Court of Customs and Patent Appeals established that pertinent factors include: (1) the general physical characteristics of the merchandise; (2) the expectation of the ultimate purchasers; (3) the channels, class or kind of trade in which the merchandise moves; (4) the environment of the sale (i.e. accompanying accessories and the manner in which the merchandise is advertised and displayed); (5) usage, if any, in the same manner as merchandise which defines the class; the economic practicality of so using the import; and recognition in the trade of this use. *Id.*

Because analysis of the *Carborundum* factors presents questions of material fact in this case, the court cannot decide this matter on the parties' cross-motions for summary judgment. *See, e.g., G. Heilman Brewing Co. v. United States*, 14 CIT 614, 621 (1990) (the court determined the class or kind of the merchandise only after hearing extensive testimony); *Riekes Crisa Corp. v. United States*, 84 Cust. Ct. 132, 143, C.D. 4852 (1980) (the court applied the *Carborundum* factors to evidence presented at trial in order to determine the class or kind of the merchandise at issue). In particular, genuine issues of material fact exist concerning two of the *Carborundum* factors which bear on the outcome of this case: (1) the expectations of the ultimate purchasers of the merchandise; and (2) the use of the merchandise. Although the parties have submitted documentary evidence regarding these topics, this evidence and its significance are subject to genuine dispute.

For example, the parties submitted studies of purchasers of the merchandise to prove the expectations of the purchasers and the use of the merchandise. The results of these studies, taken by a research firm hired by Lenox,[6] are less than clear. Lenox maintains that the studies indicate that purchasers of the merchandise use the merchandise for decorative purposes. *Plaintiff's Brief* at 35. Customs, on the other hand, maintains that the studies indicate that purchasers use the merchan-

---

[6] Although Lenox developed the questions that the research firm asked the purchasers, the research firm conducted the interviews and compiled the data. *Defendant's Statement of Material Facts as to Which There is No Genuine Issue* ¶ 18; *Plaintiff's Response Thereto* ¶ 18.

dise as spice jars. *Defendant's Brief* at 19–20. On summary judgment, the court is unable to assess the truth of the matter by weighing the significance of these studies. *See Anderson,* 477 U.S. at 249. At trial, the court can hear testimony regarding the expectations of purchasers of the merchandise and the use of the merchandise. If the testimony conflicts, the court can then assess the reliability and persuasiveness of the evidence presented. *See, e.g., G. Heilman Brewing Co.,* 14 CIT at 622. Because the court cannot make such a decision at this time, however, summary judgment is inappropriate. *See Anderson,* 477 U.S. at 249. Consequently, it is hereby

ORDERED that plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment are DENIED; it is further

ORDERED that, within ten (10) days of the date of this memorandum and order, the parties shall confer and apprise the court of a convenient trial date. The court proposes that trial begin on May 23, 1995, at the U.S. Court of International Trade in New York City.